UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BARBARA W. GOAD )
)
v. ) NO. 3:05-CV-237
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Barbara W. Goad has filed a motion for a judgment on the record on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Goad was born in 1956 and was 47 years old at the time of her administrative hearing. [Tr. 138]. She completed an associate's degree in business and has relevant past work experience as a management analyst, computer analyst, and technical associate. [Tr. 25]. Ms. Goad alleges she is disabled as of June 23, 1991, due to spinal, circulatory, and depressive disorders. [Tr. 25]. Ms. Goad's last date of being insured was previously determined to be March 31, 1997. [Tr. 24]. Based upon a

finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Goad was not disabled, as defined by the Social Security Act, beginning on or before March 31, 1997. [Tr. 30].

At Ms. Goad's administrative hearing held on October 21, 2003, the testimony of Ms. Goad, her husband Mr. James Goad, and vocational expert Ernest Brewer was received into evidence. [Tr. 903-39]. Ms. Goad testified that she worked basic data entry work from 1973 until 1985. [Tr. 905]. In 1985, she became a management analyst. [*Id*.]. Her last day of work was June 23, 1991. [Tr. 909]. Ms. Goad had two back surgeries following a fall at her home in March 1990. [Tr. 910]. Her pain lessened for a while but started back up because she developed excessive scar tissue around one her of her disks. [Tr. 912]. Ms. Goad also has problems with deep vein thrombosis, depression, anxiety, and neck pain. [Tr. 912, 916, 919].

Mr. Goad testified next that since his wife began taking so many medications, she is no longer "good with numbers" and he cannot "even trust her with a checkbook." [Tr. 932].

Vocational expert Ernest Brewer was the final witness. [Tr. 935-40]. He classified Ms. Goad's past relevant work as a management analyst as sedentary and skilled; her work as a computer analyst as skilled and light; and her data entry work as light and skilled. [Tr. 936]. The ALJ then asked him to assume a woman of Ms.

2

Goad's age, education, and work background who was restricted to light exertion and required the ability to sit or stand alternately at 30 minute intervals. [Tr. 936-37]. She also could not tolerate high stress, complex, or detailed jobs, would be unable to be attentive and concentrate, and could not meet strict production standards. [Tr. 937]. According to the vocational expert, such a person could work as a cashier, packager, checker, and grader. [*Id.*].

The ALJ ruled that Ms. Goad was not disabled because her severe impairments of obesity, residuals of lumbar laminectomy and diskectomy, residuals of deep vein thrombosis of the left leg, chronic pain syndrome, and depression were not severe enough to warrant a finding of disability. [Tr. 30]. The ALJ then found Ms. Goad retained the residual functional capacity [RFC] through March 31, 1997, to perform light work that allowed for her to alternate sitting and standing/walking every 30 minutes. Such work, however, could not require her to perform more than simple tasks, require strict production standards, or involve high stress. [Tr. 34]. With those limitations, the ALJ found that Ms. Goad could perform work that exists in significant numbers in the national economy. [Tr. 33].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a

3

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The central question before this court is whether Ms. Goad was disabled sometime between 1994 and March 31, 1997, the date she was last insured.

Ms. Goad requests a judgment on the record and challenges the weight given to the opinions of her treating physicians, Drs. Alan Weems, Matthew Bolton, Scott Davis, and Edward Kahn. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

Regarding Drs. Weems and Bolton, the ALJ found both of their opinions to be at odds with their medical findings. For example, Dr. Weems vacillated numerous

4

times about whether Ms. Goad was actually disabled. [Tr. 30]. In August 1994, he opined Ms. Goad was not totally disabled. [*Id.*]. In September 1995, he found she was totally disabled, although his medical records of the time do not even offer a specific diagnosis of her disabling impairment(s). [*Id.*]. Then, in February 1996, Dr. Weems returned to his previous opinion that she was not disabled. [*Id.*]. Dr. Bolton followed a similar path. In July 1995, he found Ms. Goad disabled, but by March 1996, the doctor changed his mind and found her not to be disabled. Because the opinions of the doctors were frequently changing and unsubstantiated by their medical records, the ALJ's decision to give their opinions little weight was made with substantial evidence.

In the case of Drs. Davis and Kahn, their opinions that Ms. Goad was disabled were given over four years and over six years, respectively, from the date she was last insured. Under *Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), a physician's opinion of a claimant's condition is only "minimally probative" if it is provided after the period she was last insured. The ALJ's decision not to adopt the opinions of Drs. Davis and Kahn was, thus, supported by case law.

Ms. Goad also contends the ALJ erred in finding that her depression did not meet a listing. According to the ALJ, Ms. Goad's depression failed to meet the B and C criteria of section 12.04 of the Listing of Impairments because she had no more than

5

a moderate restriction of daily living activities, no more than moderate limitations in her ability to function socially or sustain concentration, pace, or persistence, and only one extended episode of decompensation. [Tr. 30].

In November 2003, Ms. Goad was evaluated by Mary Barker, M.S. Ms. Barker found that Ms. Goad had a moderate restriction in her ability to interact with the public, interact appropriately with a supervisor, and interact appropriately with co-workers. [Tr. 859]. In addition, she had only a slight restriction in her ability to respond appropriately to work pressures and no restriction in her ability to respond appropriately to changes in a routine work setting. [*Id.*]. As for episodes of decompensation, during the time period in question, Ms. Goad was admitted to Methodist Medical Center on January 11, 1995, and remained until January 30, 1995. [Tr. 543-49]. During this time, she was treated for a positive suicidal ideation. [Tr. 547]. Because the medical evidence detailed above supports the ALJ's finding, this court finds his decision that Ms. Goad's depression did not meet the requirements for a listing was made with substantial evidence.

Next, Ms. Goad argues the ALJ did not consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy*

6

*v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Goad's impairments at least three times in his decision. [Tr. 30, 32]. The ALJ focused Ms. Goad's RFC on her obesity, back problems, deep vein thrombosis, chronic pain, and depression. [Tr. 30, 31]. Finally, the hypothetical questions the ALJ asked the vocational expert focused on Ms. Goad's back pain, deep vein thrombosis, and depression. [Tr. 936-37]. Based on the Sixth Circuit framework, the ALJ considered Ms. Goad's impairments in combination.

Finally, Ms. Goad argues the ALJ incorrectly questioned her credibility, specifically about the effects of her medication. According to the ALJ, there is no evidence in the medical record that Ms. Goad suffered any side effects from her medications, with the exception of insomnia. [Tr. 32, 569]. Ms. Goad's attempt to persuade the court with a listing of potential medication side effects compiled from the *Physician's Desk Reference* is unavailing. Because of the lack of objective evidence of medication side effects, the ALJ's credibility finding was made with substantial evidence. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Ms. Goad's motion for a judgment on the record will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                         s/Thomas Gray Hull
                                         THOMAS GRAY HULL
                                             SENIOR U. S. DISTRICT JUDGE